IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-12-0145 |
| DUSTIN CHARLES ADAMS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

In 2012, Defendant Dustin Adams received a 180-month sentence, pursuant to a "Type–C plea" agreement, for conspiring to distribute cocaine base. (*See* ECF Nos. 15, 20.) Now pending before the Court is Adams's motion for a reduction in sentence pursuant to Amendment 782 of the U.S. Sentencing Guidelines and the Supreme Court's recent decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018). (ECF No. 48.) Adams's motion is fully briefed, and no hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Adams's motion for a reduction in sentence will be DENIED.

Under 18 U.S.C. § 3582(c), a Court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A sentence "reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if 'an amendment listed in [U.S.S.G. § 1B1.10(d)] does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Nickens*, 668 F. App'x 20, 21 (4th Cir. 2016) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). According to the

1

Sentencing Guidelines, the "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A).

Under Amendment 782, which became effective on November 1, 2014, the U.S. Sentencing Commission reduced by two levels the base offense level for certain drug offenses covered by § 2D1.1 of the Advisory Guidelines. *See* U.S. Sentencing Commission, Guidelines Manual 2016, Supplement to Appendix C, Amendment 782. Amendment 782 encompasses offenses involving cocaine base. *Id.* In *Hughes*, the Supreme Court held that a sentence imposed pursuant to a Type–C plea agreement may later be reduced in accordance with changes in the pertinent Sentencing Guidelines. 138 S. Ct. at 1788.

Adams argues that he is entitled to a sentence reduction because he was sentenced pursuant to a Type–C plea agreement for offenses involving cocaine base, which are covered by Amendment 782. (ECF No. 48 at 1–2.) In response, the government correctly notes that when a sentence is based on a defendant's status as a career offender, a change in the sentencing guidelines for a particular offense cannot effectuate a reduction in that defendant's overall sentence. (ECF No. 50 at 3); *see also United States v. Munn*, 595 F.3d 183, 188 (4th Cir. 2010), *superseded by regulation on other grounds as stated in United States v. Muldrow*, 844 F.3d 434 (4th Cir. 2016) (explaining that if a defendant's sentence is "based entirely on the Career Offender Provision," he or she will be "ineligible for an Amendment 706 sentence reduction").

A review of Adams's Presentence Report makes clear that his total offense level of 34 was calculated pursuant to § 4B1.1 and, coupled with Adams's criminal history category of VI, gave rise to his guideline sentence range of 262–327 months. (PSR ¶ 57.) Because "Amendment 782

did not have the effect of reducing the sentence for a career offender sentenced under § 4B1.1," when a defendant's sentence is based on § 4B1.1 rather than § 2D1.1, that defendant will not qualify for a sentence reduction. *United States v. Webster*, Crim. No. PJM-04-0269, 2017 WL 2812799, at *1 (D. Md. June 29, 2017); *see also United States v. Jones*, Crim. No. GEC-11-0039, 2019 WL 1559023, at *3 (W.D. Va. Apr. 10, 2019) (denying a motion for sentence reduction under Amendment 782 when a defendant's sentence was based on his status as a career offender under § 4B1.1).

Based on the offense level computations in Adams's Presentence Report, if Adams had been sentenced pursuant to § 2D1.1, his base offense level would have been 34, because Adams had handled between 840 grams and 2.8 kilograms of cocaine base. (PSR ¶ 14.) Adams's offense level would then receive a three-point downward adjustment for his acceptance of responsibility, which would translate into a total offense level of 31. (PSR ¶ 21.) Applying Amendment 782 would reduce Adams's base offense level from 34 to 32, and his total offense level would be 29. *See* U.S. Sentencing Commission, Amendment 782.

However, Adams was instead sentenced based on a total offense level of 34, due to his status as a career offender under § 4B1.1. Amendment 782 does not affect the fact that Adams's prior felony convictions still place him squarely within the definition of a "career offender." (*See* PSR ¶ 8); *see also* U.S.S.G. § 4B1.1. Under § 4B1.1, committing an offense with a statutory maximum sentence of life results in an offense level of 37. U.S.S.G. § 4B1.1(b). A statutory maximum sentence of life applies to offenses involving over 280 grams of cocaine base, and Adams handled at least three times that amount (*see* PSR ¶ 10). 21 U.S.C. §§ 841(b)(1)(B). Once the three-point downward adjustment for Adams's acceptance of responsibility is factored in, Adams's total offense level remains at 34.

3

At Adams's sentencing hearing, the Court reiterated that Adams "is denominated a career offender under the United States Sentencing Guidelines," and "the effect of this is to increase his offense level to 37." (Sentencing Tr. at 4, ECF No. 39.) The Court, however, departed from the guideline sentence range by adopting the lower 180-month sentence that the parties agreed on in their Type–C plea agreement. (*See* ECF No. 15 at 1.)

Because the guidelines and calculations underlying Adams's § 4B1.1-based sentence have not changed, there is no reason for this Court to adjust Adams's 180-month sentence. Adams's base offense level still remains at 34 under § 4B1.1, despite the recent changes to § 2D1.1 wrought by Amendment 782. In other words, neither Amendment 782 nor *Hughes* operates to reduce Adams's total offense level. Accordingly, Adams's motion for a reduction in sentence (ECF No. 48) is DENIED.

DATED this __6__ day of April, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge