IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIM. NO. JKB-12-0145 |
| DUSTIN CHARLES ADAMS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Dustin Charles Adams' Motion for Appointment of Counsel. (ECF No. 55.) Mr. Adams requests appointment of counsel and makes reference to Part A of Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (*Id.*) The Court will deny the Motion.

Amendment 821, which was given retroactive effect, is a multi-part amendment. Part A limits the criminal history impact of "status points." Specifically, a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. The Court has reviewed Mr. Adams' Presentence Report ("PSR"). He received two status points because "[a]t the time the instant offense was committed, the defendant was on probation for Assault-2nd Degree to the Circuit Court for Allegany County, Maryland." (PSR ¶ 44.) With these two points, his criminal history points totaled 10, which established a criminal history category of V. (*Id.* ¶ 45.) However, he also had two prior felony convictions involving a controlled substance offense and a crime of violence, and his PSR provided that, as such, "pursuant to the provisions found in U.S.S.G. §4B1.1, [he] is a career criminal, and his criminal history category is VI." (*Id.* ¶ 46.)

Because his criminal history calculation was based upon his status as a career criminal, rather than on his criminal history points, Mr. Adams cannot avail himself of Part A of Amendment 821. *See United States v. Smith*, Crim. No. 19-312-MOC-DCK, 2024 WL 253659, at *2 (W.D.N.C. Jan. 23, 2024) ("And while the probation office assessed Smith two criminal history points for committing his offense while under a criminal justice sentence those two points did not alter Smith's criminal history category or guideline range. Instead, Smith's criminal history category and guideline range were dictated by his career offender status."); *United States v. Williams*, Crim. No. 20-91-01, 2024 WL 947841, at *2 (S.D. W. Va. Mar. 5, 2024) ("Even though Mr. Williams received two points for status, he is ineligible for a sentence reduction pursuant to Amendment 821. The Court determined that Mr. Williams qualified as a career offender which resulted in a Criminal History Category of VI. His guideline range was not the result of the status points he received, but rather the result of his classification as a career offender.").

Given these circumstances, it is not in the interests of justice to appoint Mr. Adams counsel for purposes of filing a motion pursuant to Amendment 821. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Aigbekaen*, Crim. No. JKB-15-0462, 2024 WL 713903, at *1 (D. Md. Feb. 21, 2024) ("[T]he Court has discretion to appoint counsel in post-conviction proceedings if the interests of justice so require.").

Accordingly, it is ORDERED that Mr. Adams' Motion (ECF No. 55) is DENIED.

DATED this __18__ day of March, 2024.

BY THE COURT:

_____
James K. Bredar
Chief Judge